No. 8596.

SWEENEY ET AL. *v.* AMPHLETT.

1. PLEADING—*Motion—Waiver.* Plaintiff having moved to strike parts of the answer it was stipulated that the court .should decide as to the effect of the matter so assailed. *Held* that the motion was not determined, and the truth of the allegations of the answer not admitted.

2. TAX DEED—*Presumptions.* A tax deed regular in form is *prima facie* valid.

3. TAX SALE—*Redemption—Subsequent Taxes.* One who, pursuant to a decree, redeems from a tax sale, must, in addition to the sum specified in the decree, refund moneys expended by the purchaser at the tax sale, in discharging taxes accrued subsequent to the date of the decree.

*Error to Teller District Court, Hon. J. W. Sheafor, Judge.*

Mr. HILDRETH FROST, for plaintiffs in error.

Mr. CHARLES D. GURNEY, for defendant in error.

AMPHLETT, defendant in error, brought suit to quiet title to certain mining claims in Teller County. His claim of ownership was a tax deed. Plaintiffs in error, except McKinnie and Davie, are the statutory trustees of The Easter Bell Gold Mining and Milling Company, a dissolved Colorado corporation, which owned the premises, unless its title thereto had been extinguished by tax sales. McKinnie and Davie held a certificate of sale of the premises for taxes, made prior to that upon which the title of plaintiff is based. The defendants interposed a number °of defenses, claimed title in themselves, and sought to have the same quieted. Plaintiff moved to strike portions of the answer and cross-complaint. Thereupon the parties stipulated that the court should pass upon certain questions, to-wit: Whether the matters and facts set forth in paragraphs 3 to 14, inclusive, in the third answer and defense, "if proven at the trial, will operate to relieve said trustees from the necessity otherwise theirs, of refunding to the plaintiff the full amount of his tax purchase, with interest, and penalties

as called for in the certificate of purchase  *  *  *  , as
a condition of the cancellation of his tax deed  *  *  *  ,
or whether said trustees will be compelled merely to pay
such amount as the court holds would have been a just and
lawful tax (with interest and penalties) ; in other words,
will the court, in an action concerning a tax title, under a
state of facts such as are alleged in paragraphs 3 (three)
to 14 (fourteen) of said third (3rd) answer and defense,
go behind the original valuation fixed by the county as-
sessor, and hold the same to have been excessive and er-
roneous, or will the court, as a condition of the decree (if
any be made directing cancellation of the tax deed), re-
quire the party setting aside the deed to refund taxes and
interest on the basis of the valuation fixed by the county
assessor  *  *  *  , irrespective of any error which the
county assessor may have made in fixing the same."

The court held that if the facts were established by evi-
dence at the trial, as set forth in the designated paragraphs
of the third answer, it would not, as a matter of law, re-
lieve the defendants from refunding to the plaintiff the
full amount, together with interest and penalties provided
by law, which he paid to the county treasurer at the tax
sale for the certificate upon which his tax deed was based,
and the same would have to be paid "as a condition of any
decree providing for the cancellation of plaintiff's treas-
urer's deed  *  *  *  , should any decree be rendered in
favor of said defendants against the plaintiff in this action,
and that should any decree of this court be rendered can-
celling said tax deed, said decree would necessarily have to
provide for the repayment to the plaintiff of the sum so
paid by him as aforesaid, with interest and penalties, in
the same manner and to the same amount as though the
facts set forth and alleged in said paragraphs three to
fourteen, inclusive, in said third answer and defense did
not exist."

Thereafter, and on the 6th day of November, 1914, the
parties entered into the following stipulation, to-wit:

"It is this day stipulated and agreed by and between the respective parties hereto, by their attorneys, that

"Whereas, a certain interlocutory judgment has been heretofore rendered and executed herein, providing in substance that, in case the tax deed involved in this controversy be set aside, that any decree cancelling or setting aside said tax deed must provide for the repayment to the plaintiff of the full amount paid by him in making his purchase at the tax sale, together with interest and penalties, as more fully appears from said interlocutory judgment to which reference is here made,

"And it further appearing that the questions disposed of by said interlocutory judgment are the only ones which the plaintiff desires to litigate in this cause at the present time, and that the plaintiff is willing to submit to the entry of a judgment cancelling said deed, provided proper provision is made for refunding and repayment to him according to the rule of law laid down in said interlocutory judgment,

"It is accordingly stipulated and agreed,

"First—That a final decree shall be entered in this cause cancelling and setting aside the tax deed, which is the subject matter of this action.

"Second—That said decree shall provide that within ninety days from the entry thereof the defendant shall pay to the plaintiff the sum of seven hundred seventy-three and fifteen-hundredths dollars ($773.15), said sum being agreed upon as the sum which would in law be required to be paid by the defendants to the plaintiff as a condition to the cancellation of said tax deed under the ruling of the court in said interlocutory judgment. (It is not, however, conceded by the defendants that this amount is the correct amount.)

"Third—It is further stipulated and agreed that in any appellate proceedings to be had or taken by the defendants pertaining to the rulings of the court embodied in said interlocutory judgment in regard to the amount of tax to be refunded to the plaintiff, should any appellate court in such appellate proceeding reverse or modify the ruling of the

trial court in respect to this matter, that then, and in that event, the entire judgment proposed to be rendered in this cause shall be set aside and for naught held, and the plaintiff shall be entitled to go to trial upon all of the issues involved in this action as the same now stands, in the same manner as though the judgment proposed to be rendered had never been rendered.

"In other words, that if the judgment proposed to be rendered in accordance with this stipulation be reversed, set aside, or modified in any appellate proceeding, that the entire judgment shall be set aside and the whole matter shall be heard *de novo*."

The cause coming on for hearing, the plaintiff introduced his tax deed, and no further evidence was submitted by either side. The court thereupon, in accordance with the terms of the stipulation, adjudged such tax deed null and void and cancelled the same upon condition, however, that defendants pay into court for the plaintiff, within ninety days from the date of the entry of the decree, the sum paid by plaintiff to the treasurer as the result of the sale of the premises for taxes, with interest and penalties. It was further provided in the decree that should defendants fail to make the aforesaid payments within the designated time, the provision of the decree which annulled and cancelled plaintiff's tax deed, to be non-effective, and the title of the premises quieted in plaintiff. By petition filed in this court, defendant in error asked, in event of affirmance of the judgment, that plaintiffs in error be required to pay any additional sum which he had paid or might expend in the payment of taxes, or redemption from sale thereof, which accrued, or might accrue, subsequent to the entry of the decree herein.

Defendants object to the amount the decree requires them to pay to the plaintiff as a condition to the cancellation of his tax deed, and to the affirmative relief awarded him in the event the payment is not made within the time designated.

Mr. Justice White delivered the opinion of the court:

Plaintiffs in error are in no position to complain of the judgment in this case. The parties did not follow the mode of procedure prescribed by the code to settle the pleadings and determine the issues. On the contrary, by stipulation, they requested the opinion of the court as to whether certain paragraphs of the third answer, "if proven at the trial," would relieve the defendants of refunding to the plaintiff the full amount of taxes he paid, with interest and penalties, as a condition precedent to the cancellation of his tax deed. Plaintiff's motion to strike was, therefore, not determined and the truth of the allegations of the answer not admitted. Whether the opinion of that court was right or wrong in its view of the questions submitted under that stipulation is immaterial. The paragraphs of the answer remained a part of the pleadings and no evidence was offered to prove the facts alleged. On the contrary, the parties, upon submitting the case for trial, entered into a further stipulation wherein defendant in error consented that his tax deed should be cancelled by decree of the court, provided the full amount of taxes called for in his certificate of sale was refunded to him, with interest and penalties. The decree conformed to this stipulation. Plaintiff's tax deed was in regular form, and, therefore, *prima facie,* valid. It was the only deed in evidence and was cancelled by consent upon condition that those who would benefit thereby should pay to the grantee therein a designated sum of money. If they failed to make payment within the time fixed, it is equally clear that they should, in addition to the sum designated in the decree, repay to plaintiff the money, if any, he has expended in the payment of taxes which have accrued against said property subsequent to the date of the decree. The judgment of the trial court will be modified accordingly, and as so modified, affirmed.

Decision *en banc.*